UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MURPHY   #187711,

    Petitioner,

v.

                                  Case No. 2:21-cv-11752
                                  Hon. George Caram Steeh

MICHELE FLOYD,

    Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE PETITION
FOR WRIT OF HABEAS CORPUS TO THE
<u>UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

    Michigan prisoner John Murphy is serving a prison sentence for his 1991 Wayne Circuit Court jury trial conviction of armed robbery and commission of a felony with a firearm. Murphy filed this petition for writ of habeas corpus, claiming that he was unconstitutionally sentenced based on inaccurate information. Because Murphy filed a prior habeas petition that was dismissed under the statute of limitations, this successive habeas petition must be transferred to the Sixth Circuit.

    The Court previously summarized the relevant procedural history:

> This case arises as a result of an armed robbery that occurred on February 1, 1991, in Detroit, Michigan. Petitioner's trial began on August 13, 1991, and he was convicted three days later.

Following sentencing, on June 29, 1993, Petitioner filed an appeal of right in the Michigan Court of Appeals, challenging his convictions based on an alleged violation of his Sixth Amendment right to be present at every stage of his trial. Petitioner then substituted his appellate counsel. His new appellate counsel filed a supplemental claim of appeal on June 28, 1994, raising two new issues: that the trial court erred in its jury instructions regarding the lesser included offense; and that the sentence was excessive in light of the guidelines.

On February 3, 1995, Petitioner filed a motion in the Michigan Court of Appeals, requesting permission to file a second supplemental claim of appeal, alleging that both pretrial identifications of Petitioner were deceptive and unfair. On March 27, 1995, the court of appeals denied the motion and affirmed Petitioner's conviction. *People v. Murphy*, No. 156080 (Mich. Ct. App. Mar. 27, 1995). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on November 29, 1995. *People v. Murphy*, 450 Mich. 932, 543 N.W.2d 318 (Mich. 1995).

Petitioner filed a post-conviction motion in the trial court on July 26, 2005, 2Link to the text of the note alleging that (1) the trial court erred in sentencing, and (2) trial counsel was ineffective for failing to suppress the pretrial identifications and for failing to produce alibi witnesses. On February 1, 2006, the trial court denied the motion. *People v. Murphy*, No. 91-0023113 (Wayne County Cir. Ct. Feb. 1, 2006). Petitioner filed an application for leave to appeal that decision in the Michigan Court of Appeals, which was denied. *People v. Murphy*, No. 276916 (Mich. Ct. App. June 19, 2007). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on November 29, 2007. *People v. Murphy*, 480 Mich. 954, 741 N.W.2d 307 (Mich. 2007). On July 2, 2009, Petitioner filed [his first] habeas petition.

*Murphy v. Harry*, No. 09-12607, 2010 U.S. Dist. LEXIS 7258, 2010 WL 436454, *2-5) (E.D. Mich. Jan. 28, 2010).

Murphy's first federal habeas petition claimed that he was actually innocent of the offenses, that his trial counsel was ineffective, and that he had cause for failing to raise his claims on direct appeal. *id.*, *5. The petition was dismissed because it was filed after expiration of the statute of limitations, and Murphy failed to demonstrate entitlement to equitable tolling. *Id.*, *5-13.

Murphy's present petition constitutes a second or successive petition for a writ of habeas corpus. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (dismissal of habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule). Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files

a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. See 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**SO ORDERED**.

Dated:   August 5, 2021

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2021, by electronic and/or ordinary mail and also on John Murphy #187711, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

s/Brianna Sauve
Deputy Clerk