UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MURPHY No. 187711,

    Petitioner,

    v.

    Case No. 2:21-cv-11752
    Hon. George Caram Steeh

MICHELE FLOYD,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This habeas case was transferred to the Sixth Circuit under See 28 U.S.C. § 2244(b) because it constitutes a second or successive petition filed without authorization from the Court of Appeals. Before the Court is Petitioner's motion for reconsideration. He asserts that the Court erred in transferring the case because his petition was filed under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254, and the Court was required to warn before construing it as one filed under § 2254.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only

demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner fails to demonstrate a palpable defect. First, because Petitioner is a state inmate challenging his state conviction for which he is currently incarcerated, his only federal habeas remedy is under § 2254 and not § 2241. *See Greene v. Tennessee Dep't Of Corrections*, 265 F.3d 369 (6th Cir. 2001)(§ 2254 provides exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody).

Second, even if the petition were to be considered filed under § 2241, it is still subject to § 2244(b). *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006)(successive habeas petition filed by state prisoner under § 2241 was nevertheless subject to § 2244(b), which applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment).

Finally, while problems arise with the recharacterization of a *first* habeas petition as being filed under § 2254 without giving the petitioner an

opportunity to withdraw his first and best shot at seeking habeas relief, there is no such warning requirement when it comes to *successive* habeas petitions. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)(Recharacterizing a prisoner's successive collateral motion as a § 2254 or § 2255 challenge "does not pose any similar risk; the initial round of collateral review has been enjoyed and the only question is whether the court will permit the prisoner to use nomenclature to defeat the rules established by Congress. To that the answer must be no.").

Accordingly, Petitioner's motion for reconsideration is denied.

**SO ORDERED**.

Dated:   September 14, 2021

>                    s/George Caram Steeh
>                    GEORGE CARAM STEEH
>                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 14, 2021, by electronic and/or ordinary mail and also on John Murphy #187711, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

s/B Sauve
Deputy Clerk